IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Part-time Faculty Association at Columbia College Chicago ("P-fac"), | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-9310 |
| v. | ) ) | |
| Columbia College Chicago, | ) ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is a suit to stop an employer from corrupting a union by giving unlawful support to a labor organization and employee or committee thereof, in violation of 29 U.S.C. § 186, commonly referred to as Section 302 of the Taft-Hartley Act.

2. Columbia College Chicago offered and gave valuable assistance to "Columbia Adjuncts United" for purposes of influencing employees in the exercise of the right to organize or bargain collectively through representatives of their own choosing.

3. This valuable assistance and support consisted of at least: providing Columbia Adjuncts United access to the work mailboxes of P-fac members and assisting with placing Columbia Adjuncts United electioneering and promotional materials in those mailboxes, bypassing P-fac as the exclusive representative of part-time faculty and seeking to fill a part-time job opening valued in excess of four-thousand dollars through Columbia Adjuncts United and its privies, acquiescing to Columbia Adjuncts United using Columbia College Chicago's email addresses in violation of its own policies, providing valuable media coverage in support of Columbia Adjuncts United and its positions through a newspaper owned by Columbia College Chicago, and unilaterally recognizing a group of employees as being members of the P-fac

bargaining unit, over P-fac's objection and assigning those persons work within P-fac's jurisdiction in excess of ten-thousand dollars, in furtherance of the position of Columbia Adjuncts United. Each of these actions was taken for the purpose of influencing employees including P-fac members in the exercise of the right to organize or bargain collectively through representatives of their own choosing, in violation of 29 U.S.C. § 186.

4. Upon information and belief, this influence included: creating support for a possible political campaign to decertify P-fac in the future, promoting a slate of candidates in P-fac officer elections, and influencing the political will and agenda of P-fac and its members, as well as that of other employees. Each of those areas involves the exercise by workers of their right to organize or bargain collectively through representatives of their own choosing.

### Parties

5. Plaintiff Part-time Faculty Association at Columbia College ("P-fac") is a "labor organization" within the meaning of the National Labor Relations Act. It is the exclusive representative of all part-time faculty who have taught at least one semester at Columbia College, with certain exclusions. It has its offices and conducts business in the City of Chicago.

6. P-fac brings this suit on behalf of itself and on behalf of its members.

7. P-fac has associational standing to sue on behalf of its members.

8. Defendant Columbia College Chicago is an Illinois not-for-profit corporation with its primary place of business in the City of Chicago.

### Jurisdiction and Venue

9. This Court has subject matter jurisdiction under 29 U.S.C. § 186.

10. This Court has original jurisdiction under 28 U.S.C. § 1331.

11. Venue is proper under 28 U.S.C. § 1391 as the events underlying the dispute occurred in this district and the defendant resides in this district.

## Allegations

12. Plaintiff P-fac and defendant Columbia College Chicago are in the midst of continuing industrial strife.

13. The current round of strife dates to the pro-longed negotiation of the current collective bargaining agreement. P-fac was only able to negotiate that agreement after a trial in its favor at the National Labor Relations Board, finding that Columbia College Chicago had negotiated in bad faith.

14. P-fac is led by a determined leadership who vigorously advocates for its members.

15. This advocacy and representation is not appreciated by the College, who would prefer a more docile and friendly Union.

16. Recently, a group created by at least one P-fac member has become active.

17. That group, Columbia Adjuncts United, has begun a campaign to influence other employees – members of P-fac – in the exercise of their right to organize and bargain collectively through representatives of their own choosing.

18. Some of the points that Columbia Adjuncts United makes in influencing P-fac members include: the "restoration of links with IEA-NEA" (P-fac's former parent union), encouraging members to "foster good relations with … board members," and to "resist the urge to demonize all administrative actions [of Columbia College Chicago]."

19. Furthermore, a key aspect of Columbia Adjunct United's preference for affiliating with IEA-NEA is to bring certain members of IEA-NEA into the P-fac bargaining unit.

20. In support of bringing those IEA-NEA members into the P-fac bargaining unit, and in support of Columbia Adjuncts United, Columbia College Chicago has assigned work within P-fac's jurisdiction to those persons and indicated it recognizes them as being represented by P-fac.

21. The work assigned by Columbia College Chicago to those IEA-NEA members in support of Columbia Adjuncts United is valued in excess of $10,000.

22. Columbia College Chicago, by the actions described in this Complaint, is providing organizing and other support for Columbia Adjuncts United and is seeking to influence P-fac members in the exercise of the right to organize or bargain collectively through representatives of their own choosing.

**Count I**

23. By the foregoing acts, Columbia College Chicago has given things of value to Columbia Adjuncts United.

24. Columbia Adjuncts United seeks to represent employees of Columbia College Chicago, including those whom it is seeking to influence by means of the support provided by the College.

25. By providing Columbia Adjuncts United those things of value, Columbia College Chicago violated 29 U.S.C. § 186(a)(2).

26. Columbia Adjuncts United is an employee or group of employees of Columbia College Chicago.

27. By the aforesaid acts, Columbia College Chicago sought to cause Columbia Adjuncts United to directly or indirectly influence other employees – members of P-fac – in the

exercise of the right to organize and bargain collectively through representatives of their own choosing.

28. By providing Columbia Adjuncts United those things of value to influence other employees, Columbia College Chicago violated 29 U.S.C. § 186(a)(3).

WHEREFORE, plaintiff P-fac asks this Court to enter judgment in its favor and award it the following relief:

A) Permanently enjoin Columbia College Chicago from providing support to Columbia Adjuncts United in violation of 29 U.S.C. § 186.

B) Grant it any other such relief as is warranted by law or equity.

Date: __October 21, 2015__ Respectfully submitted,

 s/ Michael P. Persoon
 Michael P. Persoon

Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Ste. 711
Chicago, Illinois 60602
(312) 372-7391
mpersoon@dsgchicago.com